**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHELLE BROWN,**

Petitioner,

v.   **CIVIL ACTION NO.: 3:14-CV-104
CRIMINAL ACTION NO.: 3-13-CR-46
(GROH)**

**UNITED STATES OF AMERICA,**

Respondent.

### MEMORANDUM OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued on December 18, 2014 [ECF 5 in 3:14-CV-104; ECF 66 in 3:13-CR-46] and a second R&R issued on February 19, 2015 [ECF 14 in 3:14-CV-104; ECF 76 in 3:13-CR-46] by United States Magistrate Judge John S. Kaull.[1]  The R&Rs concern the *pro se* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF 1 in 3:14-CV-104; ECF 44 in 3:13-CR-46].

### I.  Background

On October 1, 2013, a nine-count Indictment charged Petitioner with drug-related offenses. On December 5, 2013, Petitioner signed a written plea agreement wherein she agreed to plead guilty to Count Six, which charged her with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The agreement provided that the parties stipulated that 40.71 grams of cocaine base was attributed to Petitioner for relevant

---

[1] This action was referred to Magistrate Judge Kaull for submission of an R&R by standing order.

conduct purposes and that Petitioner waived her right to appeal and collaterally attack her sentence.

On December 10, 2013, Petitioner appeared before the magistrate court for a change of plea hearing. Petitioner testified that she was thirty-four years old, had completed high school and some college and was never treated for mental illness or addiction to drugs or alcohol. Then, the magistrate court engaged in the following colloquy with Petitioner:

> THE COURT: Do you understand under the terms of the plea agreement you give up the right to appeal the conviction and sentence, and the right to file a habeas corpus petition attacking the sentence and conviction?
>
> THE DEFENDANT: Yes.
>
> THE COURT: These are really important, so I'm going to go over them with you again. Everybody who is convicted in federal court has the right to appeal the conviction to the Circuit Court down in Richmond. Three Judges there then look back at what happened up here and determine if it was done right or wrong. You're giving up that right. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Everybody convicted in federal court also has the right to file a petition for habeas corpus, sometimes called a 2255, that says: I was wrongfully convicted and wrongfully sentenced. In this case you're giving up the right to file that writ of habeas corpus. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Kratovil, do you believe the defendant fully understands these important rights she's waiving?
>
> [DEFENDANT'S COUNSEL]: I do, Your Honor. I have explained them to her in detail. We have had discussions, both in my office and at the jail, and I think she understands.

The magistrate court later reviewed the rights the Petitioner would waive by entering a guilty plea and found that Petitioner understood the consequences of her plea. Then, the

United States presented a factual basis for the plea through the testimony of a police officer. Petitioner did not contest the officer's testimony and stated that she was guilty of Count Six. The magistrate court accepted Petitioner's guilty plea. He did so after finding Petitioner competent to plead guilty, that Petitioner freely and voluntarily entered the plea fully knowing and understanding the consequences of the plea and that there was a factual basis for the plea.

On March 21, 2014, Petitioner appeared before this Court for a sentencing hearing. This Court found a base offense level of 26 as Petitioner's conduct involved at least 28 grams and fewer than 112 grams of cocaine base, minus 3 levels for acceptance of responsibility, for a total offense level of 23. With a criminal history category of III, the Guidelines provided a sentencing range of 57 to 71 months of imprisonment. This Court sentenced Petitioner to 57 months of imprisonment to be followed by three years of supervised release.

Petitioner did not file a direct appeal. On September 16, 2014, Petitioner filed a § 2255 motion to vacate, set aside or correct her sentence. Her motion ineffective assistance of counsel and a fundamental sentencing error as grounds for relief. She argues that her counsel was ineffective by not challenging the computation of her relevant conduct, not objecting to "the sentencing calculation error of prior convictions recidivist enhancements" and not filing an appeal. She further asserts that this Court erred by imposing a mandatory minimum sentence based on a prior conviction that was "legally ineligible to justify the mandatory term."

On December 18, 2014, the magistrate court issued an R&R recommending that the Court deny and dismiss the § 2255 motion with prejudice except for the ineffective

3

assistance of counsel claim regarding counsel's failure to file an appeal and scheduled an evidentiary hearing regarding that claim. Petitioner filed objections to this R&R.

On February 19, 2015, the magistrate court held the evidentiary hearing.[2] Petitioner's trial counsel testified that, after the sentencing hearing at counsel table, he told Petitioner he did not think she had many appealable grounds and an appeal probably would not have much effect since she waived her appeal rights. Counsel further testified that he asked Petitioner whether she wished to appeal and Petitioner replied she did not. Counsel averred that he then had Petitioner sign a document dated March 21, 2014 that stated "I waive my right to appeal." This document was entered into evidence and contains Petitioner's signature. Petitioner did not testify or offer additional evidence at the hearing.

After the hearing, the magistrate court issued an R&R recommending that this Court deny and dismiss with prejudice Petitioner's ineffective assistance of counsel claim based on counsel's failure to file an appeal. Neither party objected to this R&R.

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727

---

[2] Counsel was appointed to represent Petitioner at this hearing and thereafter.

F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&Rs to which Petitioner objects and the remainder of the R&Rs for clear error.

### III. Discussion

The Court will address Petitioner's ineffective assistance of counsel claims and then her claim of sentencing error.

### A. Ineffective Assistance of Counsel Claims

The Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim warrants reversal of a conviction in Strickland v. Washington, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient." Id. at 687. Second, she "must show that the deficient performance prejudiced the defense." Id.

To satisfy the first prong, a defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A court, however, "does not grade the lawyer's trial performance; it examines only whether his conduct was reasonable under prevailing professional norms, and in light of the circumstances." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (citation and internal quotation marks omitted). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (citation and internal quotation marks omitted). Courts assess the reasonableness of counsel's representation objectively. Strickland, 466 U.S. at 688.

To satisfy the second prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Thus, "[a]n error by counsel . . . does not warrant setting aside the judgment of a criminal

5

proceeding if the error had no effect on the judgment." Id. at 691. When, like here, a defendant alleges ineffective assistance of counsel after pleading guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Failure to Object to Relevant Conduct

Petitioner first claims her counsel was ineffective for not objecting to the calculation of her relevant conduct. The magistrate court recommends denying this claim because Petitioner does not allege that she would not have pleaded guilty but for that omission. Petitioner does not object to this portion of the R&R. Accordingly, reviewing it for clear error, the Court finds none and denies this claim.

### 2. Failure to Object to Recidivist Enhancements

Petitioner next claims that her counsel was ineffective for not objecting to this Court using her prior convictions as "recidivist enhancements." The magistrate court recommends denying this claim because, as Petitioner's sentence was not enhanced based on recidivism, her counsel was not ineffective for raising a meritless claim.

Petitioner objects to this recommendation. The magistrate court, however, is correct. This Court did not use a prior conviction to enhance Petitioner's sentence. It therefore would have been meritless for counsel to argue the Court should not enhance her sentence on that basis. Accordingly, the Court denies this claim because counsel cannot be ineffective for failing to make a meritless argument. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

### 3. Failure to File an Appeal

Finally, Petitioner argues her counsel was ineffective for not filing an appeal. In the second R&R, the magistrate court recommends denying this claim. Petitioner did not object to this R&R. Accordingly, reviewing this recommendation for clear error, the Court finds none and denies this claim.

### B. Sentencing Error Claim

Finally, Petitioner claims that this Court erred in imposing a mandatory minimum sentence based on a prior conviction that was "legally ineligible to justify the mandatory term." The magistrate court recommends denying this claim because: (1) Petitioner knowingly and intelligently waived her right to collaterally attack her sentence, (2) even if Petitioner did not do so, her claim is procedurally defaulted, and, (3) even if there was no procedural default, this argument lacks merit because a mandatory minimum sentence did not apply to Petitioner and this Court did not enhance her sentence based on a prior conviction.

In her objections, Petitioner only discusses the circumstances in which a waiver is knowing and intelligent. She does not dispute that this claim is procedurally defaulted or meritless. Therefore, assuming, *arguendo*, that the Petitioner's waiver was not knowing and intelligent, the Court reviews the R&R's latter two grounds for denying this claim for clear error and finds none. Indeed, even if the waiver was invalid and Petitioner had not procedurally defaulted this claim, this ground for relief lacks merit because neither a mandatory minimum sentence nor a prior conviction enhancement applied to Petitioner's sentence. Accordingly, the Court denies this claim.

## IV. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Petitioner's Objections. It is the opinion of this Court that the magistrate judge's Reports and Recommendations should be, and are, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Pursuant to 28 U.S.C. § 2253(c), the Court must issue an order granting or denying a certificate of appealability from the final order in a proceeding under § 2255 before an appeal may be taken. However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can satisfy this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

Upon an independent review of the record, the Court finds that Petitioner has not made the requisite showing. Accordingly, this Court hereby **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondent.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is directed to transmit copies of this Order to all counsel of record and the

*pro se* Petitioner.

**DATED:** June 26, 2015

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE